INHABITANTS OF BELFAST *versus* INHABITANTS OF WASHINGTON.

The depositing in the post office a notice to a town that one of its inhabitants has become chargeable as a pauper was not, by the statute, designed to be evidence of the *contents* of the letter, but only of *delivery.*

Parol evidence of the contents of such a letter is not admissible, without notice to the opposite party to produce it, or proof of inability on the part of the moving party to produce the original.

REPORTED by DAVIS, J.

ASSUMPSIT to recover the amount expended for the relief and support of a pauper.

The plaintiffs introduced evidence tending to prove that the pauper fell into distress in said Belfast, in January, 1857, and then and there stood in need of immediate relief, and that they expended the sum of $40,75 for that purpose.

The plaintiffs then called William Pitcher, the mayor of said Belfast, who testified that he wrote a letter to the overseers of the poor of said Washington, April 24th, 1857, and mailed it on the same day, directed to said overseers, but that he kept no copy of said letter. The counsel for the plaintiffs then proposed to ask the witness to state the substance of the contents of said letter. The evidence, being objected to, was excluded by the Court.

The plaintiffs then called James Burns, who testified that he was postmaster and one of the overseers of the poor of said Washington, in 1857; that they did not receive notice from Belfast, but that a letter was received by said overseers from William Pitcher of Belfast, in the spring of that year; that said letter was not (at the time of the trial) in his possession, and he did not know where it then was.

The counsel for the plaintiffs then proposed to ask said witness to state whether said letter related to the relief and support of Sarah E. Davis as a pauper, by the plaintiffs; but the evidence, being objected to, was excluded by the Court.

The counsel for the plaintiffs then called James Burns and Luther Law, overseers of the poor and agents of said Wash-

ington, and also the counsel for the defendants, and inquired of each if he had not been notified to produce the letter aforesaid at this trial, and each witness testified that he had received no such notice.

The counsel for the plaintiffs thereupon consented that a nonsuit should be entered in the case, subject to the opinion of the full Court, upon the correctness of the rulings aforesaid.

*Abbott,* for plaintiffs.

*Gould,* for defendants.

*Nonsuit confirmed.*